**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

---

**TAVARES HARRIS,** *Individually and on behalf of himself and all other similarly situated current and former employees*,

Plaintiff,

v.

**MID SOUTH WAFFLES, INC.,**
*a Georgia Corporation*

Defendant.

CASE NO. _____

FLSA Opt-in Collective Action

**JURY DEMANDED**

---

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Tavares Harris, individually, ("Plaintiff"), on behalf of himself and other similarly situated current and former tipped employees (servers) of Defendant, brings this collective action against Mid South Waffles Inc., ("Defendant") and, alleges as follows:

### I. INTRODUCTION

This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and overtime compensation and other damages owed to Plaintiff and other similarly situated current and former tipped employees (servers) of Defendant, who are members of a class as defined herein.

### II. JURISDICTION AND VENUE

1. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant in this district at all times relevant to this action, Defendant regularly has conducted and continues to conduct business in this district and, has engaged and continues to engage in wrongful conduct alleged herein in this district, during all times material to this action.

## III.
## CLASS DESCRIPTION

3. Plaintiff brings this action on behalf of himself and the following similarly situated persons: "All current and former hourly-paid tipped employees who have been employed by and worked as servers at any of Defendant's Waffle House restaurants in the states of Tennessee, Georgia, Alabama and Mississippi at any time during the applicable statutory limitations' period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

## IV.
## PARTIES

4. Defendant, Mid South Waffles, Inc., is a Georgia Corporation with its principal offices located at 5986 Financial Drive, Norcross, Georgia 30071. It operates as a Waffle House franchisee with restaurants in Tennessee, Georgia, Alabama and Mississippi.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

5. Plaintiff Tavares Harris has been employed by Defendant as a server during the applicable statutory limitations' period of this collective action. Plaintiff Harris' Consent to Join this collective action as a Named, Representative Plaintiff is attached hereto as *Exhibit A*.

## V.
## ALLEGATIONS

6. Defendant has employed hourly-paid tipped servers at its Waffle House restaurants, including Plaintiff and those similarly situated, during all times material to this action.

7. Specifically, Plaintiff has been employed by Defendant as a tipped employee and has worked as a server at three (3) of Defendant's Waffle House restaurants in Clarksville, Tennessee during all times material to this action.

8. During all times material, Defendant has had a common plan, policy and practice of compensating Plaintiff and other similarly situated servers under a tip-credit compensation plan, consisting of paying such servers only a sub-minimum hourly rate of pay and then crediting tips received by such servers during their shifts which, when added to the sub-minimum pay, would amount to at least the FLSA required hourly rate of pay of at least $7.25.

9. Nonetheless, there are strict requirements under the FLSA for an employer to be eligible to administer such a tip credit compensation plan.

10. Under 29 U.S.C. § 203 (m), an employer utilizing such a tip credit compensation plan must inform its tipped employees in advance of its intention to use such plan pursuant to aforementioned 203 (m) section of the FLSA.

11. Notably, an employer is not entitled to utilize a tip credit compensation plan unless it informs its tipped employees of the following in advance: (1) the amount of the cash wage that is to be paid to the respective tipped employee; (2) the amount by which the wages of

the respective tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and, (4) that the tip credit shall not apply to any employee who does not receive the Section 201(m) notice.

12. Defendant failed to inform Plaintiff and, on information and belief, likewise failed to inform those similarly situated of the Section 203(m) four notice requirements.

13. Specifically, Defendant did not inform them of the amount of the cash wage that is to be paid to them as tipped employee.

14. Defendant also failed to inform Plaintiff and the class of the amount by which their wages will be increased on account of the tip credit.

15. Defendant likewise failed to inform Plaintiff and the class that all tips received by them must be retained by such employee except for tips contributed to a valid tip pool.

16. Moreover, Defendant failed to inform them that the tip credit shall not apply to any employee who does not receive the required notice.

17. Instead, Defendant merely assumed Plaintiff and similarly situated servers earned enough tips each shift to amount to the difference between the sub-minimum amount they received and $7.25 per hour and, accordingly, entered such tipped amount into its payroll system as though they were received by such servers.

18. However, there were numerous shifts during weekly pay periods of the applicable statutory limitations' period in which Plaintiff and similarly situated servers earned far less than the difference between the sub-minimum pay they received and the FLSA required hourly rate of pay of at least $7.25 per hour.

19. As a result, not only did Plaintiff and similarly situated servers frequently earn far less than the FLSA required $7.25 hourly rate of pay, they were obliged to pay taxes on tips they did not receive.

20. The U.S. Department of Labor's Fact Sheet #15 provides "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

21. According to the regulation promulgated by the U.S. Department of Labor, " . . . tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

22. Defendant also has had a common plan, policy and practice of requiring Plaintiff and similarly situated servers to spend more than twenty (20) percent of their work time performing non-tip producing work, including but not limited to taking out trash, washing dishes, cleaning floors and under tables, sweeping and mopping floors, washing walls and windows, disassembling and cleaning soda and orange juice machines, wiping down containers, spraying for insects, bringing ice to the customer areas, etc., during all times material to this collective action.

23. Defendant only paid Plaintiff and similarly situated servers the sub-minimum hourly rate of pay for such non-tip producing work, instead of the FLSA's required $7.25 per hour.

24. Defendant also had a common plan, policy and practice of requiring, forcing, expecting, imposing and/or, suffering and permitting, Plaintiff and similarly situated servers to perform work duties while being "clocked-out" of Defendant's centralized time keeping system during all times material to this collective action.

25. Plaintiff and similarly situated servers were not compensated at the FLSA required minimum hourly rate of pay of $7.25 per hour for all such aforementioned "off-the-clock" work. Neither did Plaintiff and similarly situated servers receive one and one-half times their regular hourly rate of pay for all hours over forty (40) per week, relating to such "off-the-clock" work time.

26. Plaintiff and similarly situated servers were required, induced and/or suffered and permitted, to perform such "off-the-clock" work during weekly pay periods without being paid for such time at least at the applicable FLSA minimum wage rate of pay as well as at least the applicable FLSA overtime compensation rate of pay for hours over forty (40) within weekly pay periods during all times material to this action.

27. Defendant additionally has had a common plan, policy and practice of withholding and, thereby reducing, the wages of Plaintiff and similarly situated second shift servers by deducting a certain amount of money from their pay for the cost of company food, whether such food was consumed or not by those adversely impacted; all of which caused them to receive even far less than at least at the applicable FLSA minimum wage rate of pay as well as at least the applicable FLSA overtime compensation rate of pay for hours over forty (40) within weekly pay periods on the days they chose not to consume the food.

28. At all times material to this action, Plaintiff and similarly situated servers have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

29. Plaintiff and similarly situated servers are current or former employees of Defendant.

30. At all times material to this action, Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 and, their tipped employees, including Plaintiffs and class members, likewise have engaged in interstate commerce during all relevant times.

31. At all times material to this action, Defendants have been an "employer" as defined by the FLSA.

32. As a result, Plaintiffs and class members are entitled to at least the applicable FLSA minimum wage rate of pay and any applicable overtime rate of pay.

33. The net effect of Defendant's aforementioned plans, policies and practices was to save payroll costs and payroll taxes. As a consequence, Defendant has violated the FLSA and, thereby enjoyed ill-gained profits at the expense of their tipped servers, including Plaintiff and similarly situated second shift servers.

34. Although at this stage Plaintiff is unable to state the exact amount owed to him and class members, he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.
## FLSA COLLECTIVE ALLEGATIONS

35. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

36. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

7

Case 3:19-cv-00757   Document 1   Filed 08/28/19   Page 7 of 16 PageID #: 7

37. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, he believes there are hundreds of individuals in the putative class.

38. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class who work or have worked for Defendant's Waffle House restaurants were subjected to the same operational, compensation and timekeeping policies and practices of Defendant, without being paid fully for all their aforementioned wage claims at the applicable FLSA minimum wage and overtime compensation rates of pay.

39. As a result, such aforementioned unpaid wage claims of Plaintiff and class members are unified through common theories of Defendant's FLSA statutory violations.

40. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

    - Whether Plaintiff and other members of the class were expected and/or required to perform work without being paid full compensation;

    - Whether Defendant failed to pay Plaintiffs and the other members of the class the applicable FLSA minimum wage rates of pay for all work performed;

    - The correct statutes of limitations for the claims of Plaintiff and other members of the class;

    - Whether Plaintiff and other members of the class are entitled to damages from Defendant, including but not limited to liquidated damages, and the measure of the damages; and,

    - Whether Defendant is liable for interest, attorneys' interest, fees, and costs to Plaintiff and the class.

41. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and, he has retained competent legal counsel who are experienced in collective action litigation.

42. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

43. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

## COUNT I
## (<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY MINIMUM WAGE</u>

44. Plaintiff hereby incorporates all of the preceding paragraphs.

45. At all relevant times, Plaintiff and the putative class were employees entitled to the FLSA's protections.

46. Defendant is an employer covered by the FLSA.

47. The FLSA entitles employees to minimum hourly compensation of at least $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and $10.875 for hours worked over forty (40) in a week, *see id.* at § 207(a)(1).

48. Defendant's company-wide policy and practice of requiring Plaintiff and other servers to

9

perform work without receiving wages, such as over-claiming tips and performing off-the-clock work, resulted in a failure to satisfy its minimum wage obligations to Plaintiff and the putative class. As such, Defendant violated the FLSA by failing to pay Plaintiff and other servers the minimum wage.

49. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

A.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* – VIOLATION OF DUAL JOBS PROVISION

50. Plaintiff hereby incorporates all preceding paragraphs.

51. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees a sub- minimum hourly wage and take a "tip credit" against its minimum wage obligations.

52. However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing work that is *unrelated* to the employee's tipped occupation. *See e.g.*, *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non- tipped duties" that "are *unrelated* to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added); *Spencer v. Macado's, Inc.*, No. 6:18-CV-00005, 2019 WL 2931304 (W.D. Va. July 8, 2019).

53. Defendant violated the FLSA by requiring Plaintiff and other servers to perform non-tip

producing work that is *unrelated* to their tipped occupation, such as, *inter alia*, cleaning under tables, sweeping and mopping the floors, washing the walls and windows, cleaning the vents, wiping down the lamps, spraying insect repellant, disassembling, cleaning and reassembling the dish tank, soda, and orange juice machines, bringing ice from the back of house to the front, taking out the trash, and doing dishes.

54. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, and 29 C.F.R. § 531.56(e) by requiring Plaintiff and other servers in a given workweek, and during each and every workweek they were employed by Defendant, to perform non-tip producing work constituting a "dual job" that was *unrelated* to their tipped occupation, over the course of their regular workweek, as identified in the preceding paragraph.

55. At all times during Plaintiff and other servers' employment, Defendant paid them at the sub-minimum hourly wage rate (excluding work performed "off-the-clock").

56. As a result, Defendant failed and/or refused to pay Plaintiff and other servers the full applicable minimum wage as required by the FLSA for each and every workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

57. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and other servers the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such an unrelated non-tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements at all relevant times. As such, Defendant's conduct constitutes a willful violation of the FLSA.

58. Plaintiff and other servers are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal

amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT III
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* – VIOLATION OF THE TWENTY PERCENT RULE

59. Plaintiff hereby incorporates all preceding paragraphs.

60. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.

61. However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing side work that, although related to the employee's tipped occupation, exceeds 20% of the employees' time worked during a shift. *See e.g., Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

62. To the extent Plaintiff's and other servers' non-tip producing work of, for example, cleaning under tables, sweeping and mopping the floors, washing the walls and windows, cleaning the vents, wiping down the lamps, spraying insect repellant, disassembling, cleaning and reassembling the dish tank, soda, and orange juice machines, bringing ice from the back of house to the front, taking out the trash, and doing dishes is found to be *related* to their tipped occupation, Defendant violated the FLSA by requiring Plaintiff and other servers to perform this non-tip producing work for more than 20% of their weekly work hours.

63. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, and 29 C.F.R. § 531.56(e) by requiring Plaintiff and other servers in a given workweek, and during each and every workweek they were employed by Defendant, to spend more than 20% of their work time performing related, but non-tip producing work.

64. At all times during Plaintiff and other servers' employment, Defendant paid them at the sub-minimum hourly wage rate (excluding work performed "off-the-clock").

65. As a result, Defendant failed and/or refused to pay Plaintiff and other servers the full applicable minimum wage as required by the FLSA for each and every workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

66. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and other Servers the full applicable minimum wage, without applying the tip credit, for time spent performing such non-tip producing work for more than 20% of their weekly hours, would violate federal law and Defendant was aware of the FLSA minimum wage requirements at all relevant times. As such, Defendant's conduct constitutes a willful violation of the FLSA.

67. Plaintiff and other servers are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT IV
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* – FAILURE TO PAY OVERTIME

68. Plaintiff hereby incorporates all preceding paragraphs.

69. At all relevant times, Plaintiff and other servers were employees entitled to the FLSA's protections.

13

Case 3:19-cv-00757   Document 1   Filed 08/28/19   Page 13 of 16 PageID #: 13

70. Defendant is an employer covered by the FLSA.

71. The FLSA entitles employees to a minimum hourly compensation of $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and $10.875 for hours worked over forty (40) in a week, *see id.* at § 207(a)(1).

72. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and Collective Action Members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

73. As a result of Defendant willful failure to compensate Plaintiff and putative class members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

74. Defendant conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

75. Due to Defendant violations, Plaintiff and the putative class are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all the hours worked by them in excess of forty (40) in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and on behalf of himself and all other similarly situated members

of the class, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid minimum wages and overtime compensation to Plaintiff and other members of the class at the applicable and respective FLSA minimum wage and overtime rates of pay.

C. An award of liquidated damages to Plaintiff and other members of the class;

D. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: August 28th, 2019.

                                                Respectfully Submitted,

*/s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for the Named Plaintiffs, on behalf of himself and all other similarly situated current and former employees*

16

Case 3:19-cv-00757   Document 1   Filed 08/28/19   Page 16 of 16 PageID #: 16